IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Case No.

STEVEN MARKOS

    Plaintiff,

v.

SAM INTERNATIONAL CORPORATION
d/b/a YI-TSU CHENG, D.D.S. &
ASSOCIATES

    Defendant.

_____

## **COMPLAINT**

Plaintiff Steven Markos ("Plaintiff") sues defendant Sam International Corporation d/b/a Yi-Tsu Cheng, D.D.S. & Associates ("Defendant"), and alleges as follows:

## **THE PARTIES**

1.    Plaintiff is an individual who is a citizen of the State of Georgia.

2.    Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 5008 Buford Hwy, Ste B, Chamblee, GA 30341. Defendant's agent for service of process is Yi Tsu Cheng, 5008 Buford Hwy, Ste B, Chamblee, GA 30341.

## **JURISDICTION AND VENUE**

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

**Plaintiff's Business and History**

6.      Plaintiff is a well-known and highly regarded photographer and writer who operates the National Park Planner website (https://npplan.com/), which is perhaps the most comprehensive private source of reviews/information on America's national parks based on Plaintiff's actual visits thereto.

7.      Plaintiff has invested more than 20,000 hours of his own time and more than $30,000.00 of his own money traveling to and cataloguing America's national parks.

8.      Plaintiff began working as a photographer in high school and has honed his craft since that time.  His photographs have been displayed in the Atlanta High Museum of Art and his photography/video clients include (amongst many others) Walmart, Lonely Planet, Blue Cross Blue Shield of North Carolina, Florida International University, University of Wisconsin, JW Marriott, Berkshire Hathaway Home Services, Peachtree Software, US Bankcard, USA

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Volleyball, the National Society of High School Scholars, and Working Mother Magazine.

9.    Plaintiff's National Park Planner website gets over 50,000 readers each month during the summer and approximately 25,000 readers each month in the winter

**The Work at Issue in this Lawsuit**

10.    Plaintiff created a photograph of the Chattahoochee River titled "Chattahoochee-005" (the "Work"). A copy of the Work is displayed below:



11.    The Work was registered by Plaintiff with the Register of Copyrights on November 2, 2016 and was assigned Registration No. VA 2-022-996. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**Defendant's Unlawful Activities**

13.    Defendant is a dentist office that offers a variety of dental services to its patients including Invisalign, dental crowns and bridges, porcelain veneers, root canals and more.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

14.     Defendant advertises/markets its business through its website (https://chengdds.com/), social media (e.g., https://www.facebook.com/yitsuchengdds/), and other forms of advertising.

15.     On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business at: https://chengdds.com/areas-served/suwanee-ga



16.     A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17.      In publishing the Work online, Defendant cropped the Work so as to remove Plaintiff's gutter credit. The remaining details of the photographs, however, unequivocally show the photographs to be the same.

18.     Defendant is not and has never been licensed to use or display the Work.  Defendant

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

19.     Defendant utilized the Work for commercial use.

20.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in September 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

22.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25.     Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

of the Work on Defendant's website, webpage, and/or social media.

27.     Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

28.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.  Defendant's infringement was either direct, vicarious, and/or contributory.

29.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2024 Yi-Tsu Cheng, D.D.S. & Associates - Chamblee Dentistry"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its websites. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

has sufficiently pled a willful violation….”). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

30.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31.    Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

34.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

e.   Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.   Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.


Dated: May 19, 2025.                       COPYCAT LEGAL PLLC
                                           3111 N. University Drive
                                           Suite 301
                                           Coral Springs, FL 33065
                                           Telephone: (877) 437-6228
                                           james@copycatlegal.com


                                           By: /s/ James D'Loughy___
                                               James D'Loughy, Esq. *(of counsel)*

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228